836 F.2d 551
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny Michael WILCOX, Petitioner-Appellant,
v.
United States of America, Respondent-Appellee.
 No. 87-5066.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1987.
 
 Before LIVELY, Chief Judge, CORNELIA G. KENNEDY, Circuit Judge, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On July 17, 1985 defendant-appellant Danny Wilcox pled guilty to two counts of willfully setting fire to United States lands in violation of 18 U.S.C. Sec. 1855. The indictment involved two fires set on different dates in different locations. Wilcox was sentenced to three years imprisonment on Count 1 and three years probation on Count 2. The two sentences were to run consecutively. A motion for reduction of sentence was then filed. Wilcox argued that the two sentences should run concurrently because the two counts were based on one continual enterprise. The district court found the argument without merit and denied the motion.
 
 
 2
 On September 9, 1986 Wilcox petitioned the court for a writ of habeas corpus requesting credit for time spent on bail prior to the imposition of his sentence. This application was followed by a motion for summary judgment on December 5, 1986. In this motion Wilcox claimed that his petition for habeas corpus relief should be granted because the government had failed to respond within the required thirty days.
 
 
 3
 The district court found that due to a misunderstanding in the clerk's office, service under the petition for a writ of habeas corpus had not been made. The court therefore denied defendant's motion for summary judgment and ruled that the government should have thirty days from service of the order to respond to the defendant's petition. The government subsequently responded and the district court denied the petition. Both the denial of the motion for summary judgment and the denial of the petition for writ of habeas corpus are now before this court.
 
 
 4
 We find that it was not an abuse of discretion for the district court to allow the government more time to respond to the petition. We further find that, for the reasons stated by the district court, time spent on bail is not time spent "in custody" within 18 U.S.C. Sec. 3568 and defendant's petition is, therefore, denied.